UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETRANELLA P.,

            Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

**DECISION AND ORDER**

6:21-CV-06172 EAW

# INTRODUCTION

Represented by counsel, plaintiff Petranella P. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), (Dkt. 8; Dkt. 10), and Plaintiff's reply (Dkt. 11). For the reasons discussed below, Plaintiff's motion (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 10) is denied.

- 1 -

**BACKGROUND**

Plaintiff filed her application for SSI on April 24, 2018. (Dkt. 7 at 17, 236-41).¹ In her application, Plaintiff alleged disability beginning April 24, 2018. (*Id.* at 17, 236). Plaintiff's application was initially denied on August 6, 2018. (*Id.* at 17, 96-107). At Plaintiff's request, a telephone hearing was held before administrative law judge ("ALJ") Matthew Kuperstein on August 27, 2020. (*Id.* at 39-75). On September 16, 2020, the ALJ issued an unfavorable decision. (*Id.* at 17-31). Plaintiff requested Appeals Council review, and her request was denied on January 7, 2021, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-10). This action followed.

**LEGAL STANDARD**

**I.      District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation

---

¹       When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

II. **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of N.Y.*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment ("Listing") in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement, *id*. § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

**I.    The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since April 24, 2018, the application date. (Dkt. 7 at 19).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of Sjogren's syndrome, depressive disorder, anxiety disorder, and obesity. (*Id.*). The ALJ

further found that Plaintiff's medically determinable impairments of peripheral ulcerative keratitis, tremors, chronic pain, hypertension, and overactive bladder were non-severe. (*Id*. at 19-20).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 20). The ALJ particularly considered the criteria of Listings 14.10, 12.04, 12.06, and 12.15 in reaching his conclusion. (*Id*.).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except with the following limitations:

> lifting and or carrying 20 pounds occasionally and 10 pounds frequently; to standing and/or walking with normal breaks for a total of six hours in an eight hour workday; to sitting with normal breaks for a total of six hours in an eight hour workday; to only occasionally climbing, balancing, stooping, kneeling, crouching, or crawling; to work that does not involve more than occasional exposure to hazards such a machinery or heights and does not have unprotected heights or dangerous moving machinery; and to simple, repetitive and routine work where there is no more than occasional interaction with the public and no more than occasional changes in the range of tasks at work and where the individual would need to be able to be absent from work one day per month.

(*Id.* at 21).

At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 29). The ALJ further relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of ticket tagger, hand packager, labeler, and assembler. (*Id.* at

30). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 31).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to remand this matter to the Commissioner, arguing: (1) the ALJ erred in his step three determination; and (2) the RFC finding was not based on substantial evidence because the ALJ improperly assessed the medical opinion evidence. For the following reasons, remand for further administrative proceedings is required.

### A.     The ALJ's Step Three Determination

Plaintiff argues that the ALJ's step three analysis was deficient because he did not examine in detail the requirements of Listings 12.04, 12.06, and 12.15 and explain his conclusions with respect to Plaintiff's satisfaction of these Listings. (*Id.* at 12).

"Plaintiff has the burden of proof at step three to show that her impairments meet or medically equal a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009), *adopted*, 614 F. Supp. 2d 252 (N.D.N.Y. 2009). "To match an impairment in the Listings, the claimant's impairment must meet all of the specified medical criteria of a listing." *Loescher v. Berryhill*, No. 16-CV-300-FPG, 2017 WL 1433338, at *3 (W.D.N.Y. Apr. 24, 2017) (internal quotation and citation omitted). "If a claimant's impairment manifests only some of those criteria, no matter how severely, such impairment does not qualify." *Rockwood*, 614 F. Supp. 2d at 272 (internal quotations and citations omitted).

An ALJ is required to provide an explanation "as to why the claimant failed to meet or equal the Listings, '[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings.'" *Id.* at 273 (quoting *Kuleszo v.*

*Barnhart*, 232 F. Supp. 2d 44, 52 (W.D.N.Y. 2002)). "[I]t is the ALJ's responsibility . . . to build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review," and "[t]he Court cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered." *Loescher*, 2017 WL 1433338, at *3 (internal quotations and citations omitted) (second alteration in original). However, "[a]n ALJ's unexplained conclusion [at step three] of the analysis may be upheld where other portions of the decision and other 'clearly credible evidence' demonstrate that the conclusion is supported by substantial evidence." *Ryan v. Astrue*, 5 F. Supp. 3d 493, 507 (S.D.N.Y. 2014) (citation omitted).

To satisfy the requirements of Listings 12.04, 12.06, or 12.15, Plaintiff must meet the criteria of paragraph (A) and either paragraph (B) or (C) of those Listings. Paragraphs (B) and (C), under Listings 12.04, 12.06, and 12.15, are identical. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06, and 12.15. To satisfy the paragraph (B) criteria, a claimant must "show extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: 1. Understand, remember or apply information; 2. Interact with others; 3. Concentrate, persist, or maintain pace; 4. Adapt or manage oneself." *Jeffrey W. v. Berryhill*, No. 1:18-CV-0115 (LEK), 2019 WL 2210593, at *7 (N.D.N.Y. May 22, 2019) (quotation omitted). A limitation is "marked" if it "interferes seriously with a claimant's ability to function independently, appropriately, effectively, and on a sustained basis." *Id*. (quotation and alteration omitted).

To satisfy the paragraph (C) criteria, a claimant must show medical documentation

of the serious and persistent disorder for a period of at least two years and provide evidence of both (1) "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder," and (2) "marginal adjustment, that is, the claimant has minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life." *Id*. (quotation and alterations omitted).

In deciding Plaintiff's claim, the ALJ provided a relatively thorough discussion of the paragraph (B) criteria, and ultimately concluded Plaintiff had: no limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and moderate limitations in adapting or managing oneself. (Dkt. 7 at 20). Plaintiff has not raised an objection to the ALJ's step three assessment of the paragraph (B) criteria.

However, Plaintiff challenges the ALJ's evaluation of the paragraph (C) criteria, because the ALJ's decision provides no meaningful explanation of how the paragraph (C) criteria was not satisfied. As to this subsection, the ALJ simply stated:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria, as supported by the testimony of Dr. Fuess detailed in Finding 4.

(*Id.* at 21). Bill Fuess, Ph.D., was an impartial medical expert who testified at the August 27, 2020 hearing. (*Id.* at 17). But a review of the hearing transcript and the ALJ's RFC determination (referred to by the ALJ as "Finding 4"), provides no more amplification of the reasoning behind the paragraph (C) criteria conclusion. Indeed, the only reference in

the ALJ's decision to Dr. Fuess's opinion on the paragraph (C) criteria was as follows: "Dr. Fuess further testified that the claimant does not meets [sic] the 'paragraph C' requirements of listings 12.04, 12.06, or 12.15." (*Id.* at 23). Dr. Fuess's hearing testimony was similar— after providing detailed reasons for his Paragraph (B) findings (*id.* at 51-53), when asked the question, "And in the record does it reflect that the claimant meets or equals the C requirements of the listed impairments for listing 12.04, 12.06 and 12.15?," Dr. Fuess responded simply with "No," (*id.* at 53).

As explained in *Sagman v. Comm'r of Soc. Sec.*, No. 20CIV4257(CS)(JCM), 2021 WL 5831114 (S.D.N.Y. Dec. 8, 2021):

> An ALJ's failure to explain his reasoning for finding that a plaintiff did not meet the paragraph C criteria can be grounds for remand where the record contains "either no evidence or substantial conflicting evidence" as to whether the criteria are satisfied. *McCallum v. Comm'r of Soc. Sec.*, 104 F.3d 353 (2d Cir. 1996). If such an evidentiary issue exists, the ALJ must "set forth the crucial factors" in his or her decision "with sufficient specificity" to enable the federal court to determine whether the decision is supported by substantial evidence. *Aregano v. Astrue*, 882 F. Supp. 2d 306, 320 (N.D.N.Y. 2012) (quoting *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). Put differently, "[t]he ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'" *Nicole F. v. Saul*, No. 8:18-CV-760 (DJS), 2019 WL 4736216, at *3 (N.D.N.Y. Sept. 27, 2019) (quoting *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010)). Even if the ALJ's determination has potential support in the record, the Court should remand the case "if there is a reasonable basis for doubt[ing] whether" the ALJ applied the appropriate legal standards. *Hickman*, 728 F. Supp. 2d at 175.

*Id.* at *15.

Here, the record contained evidence that Plaintiff was receiving mental health treatment since at least May of 2018 with Christine Jean-Jacques, Ph.D., who indicated Plaintiff's treatment was as frequently as one to two times per week. (Dkt. 7 at 537, 1324,

1413). At the time of the hearing in August of 2020, Plaintiff resided in a supportive housing environment that she applied for with the help of her therapist, and where she was assigned a care manager to assist her. (*Id.* at 22). Records from Tammy Piotter, LMHC, who Plaintiff began seeing in October of 2018, reflect that Plaintiff was receiving mental health treatment between three and five times per week. (*See, e.g., Id.* at 1357 (October 22, 2018 record reflecting treatment five times per week), 1363 (February 7, 2019 record reflecting treatment five times per week), 1375 (June 28, 2019 record reflecting treatment four times per week), 1386 (September 16, 2018 record reflecting treatment three times per week), 1391 (September 25, 2019 record reflecting treatment three times per week), 1398 (December 18, 2019 record reflecting treatment three times per week)). LMHC Piotter also specifically opined that Plaintiff met the Paragraph (C) criteria of receipt of "medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder." (*Id.* at 557). The ALJ did not address this evidence in concluding that Plaintiff did not meet the Paragraph (C) criteria.

Similarly, there is evidence in the record that relates to the second Paragraph (C) requirement of marginal adjustment, or a minimal capacity to adapt to changes in the environment or demands not already part of daily life. As noted, Plaintiff received regular therapy in connection with her participation in a Personalized Recovery Oriented Services ("PROS") program. Notwithstanding therapy three to five days per week over the course of over a year, Plaintiff routinely reported symptoms of depression, anxiety, irritability, helplessness, ruminative thought, and dysregulated sleep and was prescribed multiple

different medications in an attempt to control her symptoms. (*Id.* at 407 (Celexa prescribed in April 2018), 1105 (Bupropion prescribed in June 2019), 1114 (Wellbutrin added in June 2019), 1059 (Lurasidone prescribed in January 2020)).

While some of this evidence is discussed by the ALJ in the written determination, the ALJ's failure to engage in a meaningful discussion of why he concluded this evidence did not satisfy these Listings was error. *See Flake v. Comm'r of Soc. Sec.*, No. 715CV1128GTSWBC, 2016 WL 7017355, at *6 (N.D.N.Y. Nov. 10, 2016) (remand required for ALJ to articulate her step three determination), *report and recommendation adopted*, No. 7:15-CV-1128, 2016 WL 7017396 (N.D.N.Y. Dec. 1, 2016).

Defendant contends that the record as a whole does not support satisfaction of the Paragraph (C) criteria. (Dkt. 10-1 at 10-12). In support of this argument, Defendant points to evidence in the record regarding Plaintiff's activities of daily living and her mental status findings and contends that they reflect that Plaintiff was able to adjust to changes in her environment. However, as noted, when there is conflicting evidence in the record as to whether Plaintiff meets a particular listing, the ALJ must do more than state in a conclusory fashion that Plaintiff's impairments do not meet the listing. *Flake*, 2016 WL 7017355, at *6 ("There is conflicting evidence in the record [regarding] whether Plaintiff met the criteria for Listing 14.02 and because the ALJ failed to discuss this conflicting evidence, at step three or elsewhere, it cannot be determined whether the ALJ's conclusion at step three is supported by substantial evidence."). Defendant's after-the-fact explanation as to why the ALJ may have concluded that Plaintiff does not meet the requirements of a Listing cannot serve as a substitute for the ALJ's findings. *See Snell v. Apfel,* 177 F.3d 128, 134 (2d Cir.

1999) (holding that a reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action).

On this record, the Court cannot conclude the ALJ adequately analyzed Plaintiff's condition under the specific criteria of paragraph (C). *Hendricks v. Comm'r of Soc. Sec.*, 452 F. Supp. 2d 194, 199 (W.D.N.Y. 2006) ("The ALJ was required to evaluate all of the [conflicting] evidence in the record, and he may have done so here. Unfortunately, however, because the ALJ failed to discuss the basis for finding that plaintiff's impairments did not meet or equal a Listing, [the court] cannot determine whether his conclusion at step three is supported by substantial evidence."). On these facts, the error is not harmless because there was evidence in the record seemingly conflicting with the ALJ's conclusion, and the ALJ's reasoning to conclude otherwise cannot be gleaned from the decision. *See Frank K. v. Kijakazi*, No. 21-CV-0211L, 2022 WL 17125879, at *2 (W.D.N.Y. Nov. 22, 2022) (remanding where failure to address evidence that could meet a listing was not harmless error); *c.f. Vazquez v. Comm'r of Soc. Sec.*, No. 19-CV-1613 (KAM), 2020 WL 3868787, at *6 n.3 (E.D.N.Y. July 8, 2020) ("An ALJ's failure to explain his reasoning for finding that a plaintiff did not meet the paragraph C criteria can be grounds for remand . . . this is not the case when ALJ's reasons can be discerned from other steps in the ALJ's analysis or from the evidence in the record." (quotation and citations omitted)). As such, in the absence of meaningful analysis by the ALJ of the paragraph (C) criteria, the Court finds remand for further proceedings is necessary. *See Lewis v. Astrue*, No. 11 Civ. 7538(JPO), 2013 WL 5834466, at *31 (S.D.N.Y. Oct. 30, 2013) (remanding for further proceedings due in part to ALJ's cursory assessment of paragraph (C) criteria); *see also*

*Bohn v. Comm'r of Soc. Sec.*, No. 7:10-CV-1078 (TJM/DEP), 2012 WL 1048607, at *9-10 (N.D.N.Y. Mar. 5, 2012) (remanding for further proceedings due in part to ALJ's failure to offer explanation of assessment of paragraph (C) criteria), *report and recommendation adopted*, 2012 WL 1048867 (N.D.N.Y. Mar. 28, 2012).

### B.   Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings,

- 14 -

and the Commissioner's motion for judgment on the pleadings (Dkt. 10) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 22, 2023
Rochester, New York